IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL RAY TIMMONS #1170940 | § | |
| v. | § | CIVIL ACTION NO. 6:06cv104 |
| SHERIFF J.B. SMITH, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Ray Timmons, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Timmons complains of an arrest which occurred on November 26, 2002. He spent five months in jail before going to trial before a jury, which acquitted him. He sues Sheriff J.B. Smith and two deputies, Blalock and Macklin; District Attorney Matt Bingham; and a private individual named Louvenia Timmons-Harris.

On March 28, 2006, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that this is the second time that Timmons has filed the same lawsuit. The first such filing was dismissed without prejudice on March 2, 2005, for failure to prosecute or to obey an order of the Court, in that Timmons did not pay the initial partial filing fee nor show good cause for his failure to do so. No appeal was taken. When that lawsuit was dismissed, the Court ordered that the statute of limitations be suspended for 60 days following the entry of final judgment in order to protect Timmons' right to refile and to prevent the dismissal

1

without prejudice from operating as a dismissal with prejudice.  However, Timmons waited over a year after his first lawsuit was dismissed before filing the present case.

The Magistrate Judge stated that according to Timmons, he was found not guilty by the jury on March 19, 2003, and so his cause of action accrued and the statute of limitations began to run at that time.  He signed his first lawsuit on July 5, 2004, which stopped the running of the limitations period after 474 days had elapsed.  This case was dismissed, as stated above, on March 2, 2005, and the limitations period was suspended for 60 days thereafter, beginning to run again on May 2, 2005.  The present lawsuit was signed on February 27, 2006, 301 days after the limitations period began to run again.

According to the Magistrate Judge, this meant that a total of 775 countable days elapsed in the limitation period, marking the time from his acquittal until the signing of his first lawsuit, and the time from the dismissal of this lawsuit plus 60 days of tolling until the signing of his second lawsuit.

The applicable limitations period in Texas is two years, or 730 days.  When the time during which the first lawsuit was filed and the 60 days of tolling are excluded, this time period expired on January 13, 2006.  However, Timmons did not sign this lawsuit until February 27, 2006, 45 days after the limitations period had expired.  The Magistrate Judge concluded that Timmons had ample time in which to refile his lawsuit - from its dismissal on March 2, 2005, until the limitations period expired on January 13, 2006 - but failed to do so, and so the statute of limitations had expired. The Magistrate Judge thus recommended that the lawsuit be dismissed.

Timmons filed objections to the Magistrate Judge's Report on April 17, 2006.  In his objections, he first complains that the dismissal of his prior lawsuit was in error because he notified the Court that he could not afford the initial partial filing fee.  However, Timmons did not appeal the decision in his prior case, nor did he even file a motion for new trial or for relief from judgment.  His objections to the Magistrate Judge's Report in the present case represents the first time that Timmons has presented to the Court his assertion that the dismissal of his prior case, over a year earlier, was

2

in error.  That decision has long since become final and Timmons' objection on that ground is without merit.

Next, Timmons says that the time period should be suspended because he was never notified, in the prior case, that the Clerk had not filed a motion and application regarding his inability to pay the fee in the prior case.  However, Timmons received effective notice of this in the order of dismissal, yet chose not to appeal nor to seek a new trial or motion for relief from judgment.  The Court suspended the limitations period for 60 days after the prior case was dismissed in order to protect Timmons' right to refile his claims within the statute of limitations.  With this suspension of the limitations period, Timmons had over ten months, from March 2, 2005 until January 13, 2006, in which to refile his claims, which is more than ample time.  He did not do so, and the limitations period expired.

Timmons goes on to re-argue the merits of his case, saying that he was falsely arrested and spent five months in jail before being acquitted in a jury trial.  As stated by the Magistrate Judge, the limitations period began to run when he was acquitted, inasmuch as his claims accrued at that time, and that period has expired.  He also requests that the Court grant him an injunction against harassment and retaliation, but he has failed to show that he is entitled to injunctive relief.  Timmons' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous, in that the statute of limitations has expired.  28 U.S.C. §1915A.  It is further

3

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 18th day of May, 2006.**


WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE